UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME COREY PAHOSKI,

      Petitioner,                                   Civil Action No. 14-CV-11434

                                                   HON. BERNARD A. FRIEDMAN

vs.

DEWAYNE BURTON,

      Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS

Jerome Corey Pahoski, presently confined at the Handlon Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction on two counts of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1) (a), and on one count of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. For the reasons stated below, the Court shall deny the petition.

*Background*

Petitioner was convicted of the above offenses following a jury trial in Wayne County Circuit Court. The facts, as stated by the Michigan Court of Appeals, are as follows:

> Defendant's convictions arise from the October 25, 2005, shooting deaths of Roger Young, defendant's mother's ex-boyfriend, and Jason McBryar, defendant's friend and Young's tenant. Carl Benton, the victims' neighbor, heard gunshots at approximately 5:00 that afternoon, and saw defendant run from the rear of the victims' home. Benton observed defendant run into the alley and then walk back into the home's backyard. In the backyard, defendant leaned over, pointed a firearm toward the ground and fired a shot. Defendant reentered the house, and Benton heard another gunshot. Benton watched defendant walk down the street, remove his grey hooded sweatshirt and wrap it around his firearm. When defendant had walked "a couple of houses

down," Benton approached Young's backyard and saw Young's body
on the ground, in the same location where defendant had fired the
shot.

*People v. Pahoski*, No. 272906, 2008 WL 2436451, at \*1 (Mich. Ct. App. June 17, 2008).

Petitioner's conviction was appealed and remanded twice to the trial court so that

petitioner could be tested neurologically. *See People v. Pahoski*, No. 289991, 2010 WL 673360

(Mich. Ct. App. Feb. 25, 2010). Following the second remand, Dr. Steven Miller evaluated

petitioner and concluded that he did not meet the criteria for being considered legally insane. *See*

*People v. Pahoski*, No. 305230, 2012 WL 4900467, at \*\*1-2 (Mich. Ct. App. Oct. 16, 2012). The

trial court then issued a written order affirming petitioner's convictions, and this order was affirmed

on appeal. *See id., lv. den.* 493 Mich. 965, 828 N.W.2d 684 (2013).

Petitioner now seeks a writ of habeas corpus on the following ground:

Where post-trial neurological testing conducted after two remands by
the Michigan Court of Appeals found evidence of mental illness
appropriate for an adjudication of a lesser included offense or guilty
but mentally ill, the trial judge's denial of Pahoski's motion for a new
trial denied him his constitutional right to present a defense.

## *Legal Standards*

The following standard applies in federal habeas cases:

An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be granted
with respect to any claim that was adjudicated on the merits in State
court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
State court proceedings.

28 U.S.C. § 2254(d).  "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21; *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333 n.7).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it

must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits." *Harrington*, 131 S. Ct. at 785 (internal quotation marks omitted). Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).

Further, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

***Discussion***

Petitioner claims that the trial court's denial of his motion for a new trial, following post-trial neurological test findings of mental illness, denied him his constitutional right to present a defense. Petitioner argues that Dr. Miller's report, supporting a finding of mental illness, should have allowed petitioner to present evidence that he was guilty but mentally ill of the lesser included offenses of second-degree murder or manslaughter.[1] Petitioner argues that he could have used the evidence of mental illness to reduce the charge of first-degree murder by negating the element of specific intent.

At the time of petitioner's trial, diminished capacity was no longer available as a defense in Michigan. In 1994, the Michigan legislature enacted Mich. Comp. Laws § 768.21a, which set forth the legal standards for an insanity defense in Michigan. The Michigan Supreme Court has subsequently held that this statute abolished the diminished capacity defense in Michigan, and that the insanity defense, as articulated in § 768.21a, is the sole standard for determining criminal responsibility as it relates to mental illness or retardation. *See People v. Carpenter,* 464 Mich. 223, 241; 627 N.W. 2d 276 (2001). In that case, the Michigan Supreme Court concluded that evidence of mental illness, short of legal insanity, cannot be used to negate specific intent:

> [T]he Legislature has created an all or nothing insanity defense. Central to our holding is the fact that the Legislature has already contemplated and addressed situations involving persons who are mentally ill or retarded yet not legally insane. As noted above, such a person may be found "guilty but mentally ill" and must be sentenced in the same manner as any other defendant committing the same offense and subject to psychiatric evaluation and treatment. MCL 768.36(3). Through this statutory provision, the Legislature has demonstrated its policy choice that evidence of mental incapacity

---

[1] Petitioner attaches a report to his reply brief, authored by Firoza B. Van Horn, Psy.D. who also found that petitioner suffered from a traumatic brain injury and Post Traumatic Stress Disorder. She did not report findings of insanity.

short of insanity cannot be used to avoid or reduce criminal responsibility by negating specific intent.

*Id.* at 237.

In rejecting petitioner's claim, the Michigan Court of Appeals noted:

*Carpenter* makes it clear that evidence of mental illness, short of legal insanity, is inadmissible to negate the element of specific intent. Therefore, contrary to defendant's argument, he was not denied his right to present evidence that he was guilty of a lesser included offense. "[T]he insanity defense as established by the Legislature is the sole standard for determining criminal responsibility as it relates to mental illness or retardation." *Id*. at 241. Consequently, evidence that defendant is suffering from mental illness, short of insanity, "cannot be used to avoid or reduce criminal responsibility by negating specific intent." *Id*. at 237.

*Pahoski*, 2012 WL 4900467, at *3.

Accordingly, to the extent petitioner claims that the trial judge's ruling prevented him from presenting a diminished capacity defense to negate the specific intent to commit first-degree murder, he is not be entitled to relief because Michigan no longer recognizes a diminished capacity defense.

The Court also rejects petitioner's related claim that the trial court's ruling violated his right to present a defense that he was guilty but mentally ill.  A guilty but mentally ill verdict does not relieve defendants of criminal responsibility, but only affords them an opportunity for psychiatric treatment.  *See People v. Stephan,* 241 Mich. App. 482, 491; 616 N. W. 2d 188 (2000). This is distinct from a defense of legal insanity, which requires a finding of not only mental illness or mental retardation, but also that defendant lacked "substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law." *People v. Darden,* 132 Mich. App. 154, 157; 346 N. W. 2d 915 (1984) (citing to Mich. Comp. Laws §

768.21a(1); M.S.A. 28.1044(1)(1)).   Petitioner would have received the same sentence – life imprisonment – even if he had been found guilty but mentally ill.  Therefore, to the extent the denial of petitioner's motion for a new trial prevented petitioner from obtaining such a verdict, petitioner was not prejudiced.  *See People v. Lloyd*, 459 Mich. 433, 450-51; 590 N.W.2d 738 (1999).

*Conclusion*

For these reasons,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, as petitioner has failed to make a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal *in forma pauperis*, as any appeal in this matter would be frivolous.

s/ Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2016
        Detroit, Michigan